**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 13, 2012

No. 11-10609

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

SALVADOR LUBIAN CASTILLO-GARCIA, also known as Monthgo Mery Salvador Mayorga-Castillo,

Defendant–Appellant.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:10-CR-76-1

---

Before JONES, Chief Judge, and OWEN and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Salvador Lubian Castillo-Garcia, a citizen of Mexico, pled guilty to one count of illegally reentering the United States after having been previously deported. The district court sentenced Castillo-Garcia to the statutory maximum of twenty-four months in prison. Castillo-Garcia appeals, arguing that his acceptance of responsibility should have resulted in a sentence below

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10609

the statutory maximum and that his sentence is therefore unreasonable. We affirm.

## I

During a traffic stop near Snyder, Texas, Castillo-Garcia was arrested for driving without a license. He admitted that he was a Mexican citizen who was in the United States without any documentation to permit him to enter the country. A subsequent immigration check revealed that he had previously been deported and also had been allowed one voluntary return to Mexico. As he had not received consent from the Attorney General or Secretary of Homeland Security to apply for readmission to the United States, his reentry was in violation of 8 U.S.C. § 1326. He was indicted for that offense and pled guilty.

A presentence report (PSR) was prepared, and the district court adopted, without objection from either party, the report's findings and its analysis under the sentencing guidelines. The PSR determined Castillo-Garcia's base offense level to be eight, pursuant to United States Sentencing Guidelines § 2L1.2(a), reduced by two for his acceptance of responsibility by pleading guilty, pursuant to § 3E1.1(a), for a total offense level of six. The PSR calculated Castillo-Garcia's criminal history score to be III, subjecting him to a Guidelines range of two to eight months of imprisonment.

Though the district court adopted the PSR's sentencing guidelines analysis, it varied upward and imposed a sentence of twenty-four months, the statutory maximum. The court explained that the sentence was warranted by the record, specifically the fact that Castillo-Garcia had eight prior convictions, including two for driving while intoxicated and two weapons offenses, as well as two prior deportations (including the voluntary one). The district court reasoned that a variance was necessary to reflect the history and characteristics of the defendant, to reflect the seriousness of the offense and to promote respect for the law, to promote deterrence, and to protect the public from future crimes of the defendant, pursuant to 18 U.S.C. §§ 3553(a)(1), (a)(2)(A), (a)(2)(B), and (a)(2)(C).

2

No. 11-10609

Castillo-Garcia objected to the reasonableness of the sentence on the ground that a sentence of the statutory maximum did not take into account his acceptance of responsibility. He further asserted that his prior convictions were all misdemeanor offenses committed over a period of years and were accounted for by the Guidelines' criminal history computation. The district court overruled the objection, and Castillo-Garcia appealed.

## II

"We review the reasonableness of a sentence for abuse of discretion, whether it is inside or outside the guidelines range."[1] We first consider whether there was significant procedural error, such as improper calculation, and then we review the substantive reasonableness of the sentence, based on the totality of the circumstances.[2] "A sentence is unreasonable when it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors."[3] "Appellate review for substantive reasonableness is 'highly deferential,' because the sentencing court is in a better position to find facts and judge their import under the § 3553(a) factors with respect to a particular defendant."[4]

Castillo-Garcia states the issue on appeal as "[w]hether the defendant's acceptance of responsibility was a factor that should have received significant weight in the district court's sentencing calculus." Ultimately, however, Castillo-

---

[1] *United States v. Hernandez*, 633 F.3d 370, 375 (5th Cir.) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)), *cert. denied*, 131 S. Ct. 3006 (2011).

[2] *Id.*

[3] *United States v. Gutierrez*, 635 F.3d 148, 154 (5th Cir. 2011) (citing *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006)).

[4] *Hernandez*, 633 F.3d at 375  (citing *United States v. Key*, 599 F.3d 469, 473 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 997 (2011)).

No. 11-10609

Garcia's argument is that a sentence of the statutory maximum is substantively unreasonable when a defendant has accepted responsibility, because in such a case, the acceptance of responsibility did not actually make a difference in the sentence assigned.

Castillo-Garcia contends that, by adopting the PSR, the district court acknowledged that he had "clearly demonstrated acceptance of responsibility for his offense" but nevertheless sentenced him to the maximum sentence he could have received had he put the Government to its burden at trial and been convicted. This, he says, goes against Congress's intent to provide a benefit to defendants who waive their right to trial,[5] without whom the justice system could not function. Castillo-Garcia argues that a district court "cannot use its variance authority to circumvent Congressional policy preferences which are implicit in statutory amendments to the [G]uidelines," citing *United States v. Gomez-Herrera*.[6]

In *Gomez-Herrera*, we confirmed that "[s]entencing courts are still constrained by Congressional policies," giving the example of mandatory minimum sentences for drug crimes.[7] In that case, a defendant challenged his sentence by arguing that the district court should have been permitted to consider the sentencing disparity between districts that had "fast-track" programs (with a corresponding sentence reduction) and those that did not have such programs.[8] We held that, because this disparity was intended by Congress,

---

[5] U.S.S.G. § 3E1.1, *amended by* Pub. L. 108-21 § 401(g) (2003).

[6] 523 F.3d 554 (5th Cir. 2008).

[7] *Id*. at 559.

[8] *Id*. at 557.

No. 11-10609

it was not "unwarranted"[9] and was not by itself a permissible reason to vary from the Guidelines.[10]

Castillo-Garcia argues that since a sentencing benefit for acceptance of responsibility was also intended by Congress, the district court abused its discretion by not reducing Castillo-Garcia's sentence accordingly. His argument appears to be that, since Congress passed an amendment to a Guidelines provision governing acceptance of responsibility,[11] it has effectively endorsed the policies behind that provision, and that such endorsement means that a sentence must include an *actual* reduction when the defendant has accepted responsibility. Castillo-Garcia has not cited any authority for this proposition.

We are mindful of the Supreme Court's admonition that appellate courts must "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance" from the Guidelines range, due to the superior position of the trial judge to assess and weigh the facts of an individual case and defendant.[12] There is no indication, or even allegation, that the district court here did not *consider* Castillo-Garcia's acceptance of responsibility, and in fact it was included in the court's computation of the guidelines range. The record indicates only that the court concluded, in light of all factors, that a twenty-four-month sentence was appropriate. That this sentence is the statutory maximum does not demonstrate that acceptance of

---

[9] *See* 18 U.S.C. § 3553(a)(6) ("The court, in determining the particular sentence to be imposed, shall consider . . . the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . . .").

[10] *Gomez-Herrera*, 523 F.3d at 563 & n.4.

[11] Pub. L. 108-21 § 401(g) (2003) (amending U.S.S.G. § 3E1.1(b), a subsection that appears to be inapplicable to Castillo-Garcia's case).

[12] *Gall v. United States*, 552 U.S. 38, 51 (2007).

responsibility did not receive any weight, but only that, in the end, other factors were given greater weight.

The Guidelines themselves provide for a decrease of two in the offense level for acceptance of responsibility.[13] However, the Guidelines advisory sentencing range is not mandatory, and district courts are not required to impose a sentence within the Guidelines range.[14] The Guidelines are "the starting point and the initial benchmark" for the sentence, but they "are not the only consideration"; sentencing courts "must make an individualized assessment" to determine the appropriate sentence.[15] "'[T]he sentencing court is free to conclude that the applicable Guidelines range gives too much or too little weight to one or more factors,' and may adjust the sentence accordingly under § 3553(a)."[16]

The district court concluded the Guidelines range did not adequately account for the details of Castillo-Garcia's history. Castillo-Garcia had a significant number of prior convictions, including several that could pose a danger to the public, as well as multiple illegal entries into the United States. The district court was within its discretion to increase the sentence based on these factors.

While Castillo-Garcia accepted responsibility in this case, it would contravene several decisions of the Supreme Court, not to mention ignore the structure of the Guidelines themselves, to hold that this particular provision, must have a determinative effect on the sentence rendered.

---

[13] *See* U.S.S.G. § 3E1.1(a).

[14] *United States v. Booker*, 543 U.S. 220, 259 (2005).

[15] *Gall*, 552 U.S. at 49-50.

[16] *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008) (quoting *United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008)).

No. 11-10609

Castillo-Garcia has not challenged his sentence on any other ground.

\*       \*       \*

For the foregoing reasons, the judgment of the district court is AFFIRMED.