**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Santos CUETO–PARRA, also known as
Jose Santos Morales, also known as
Santos Cueyo, also known as Santos
Cueto Parva, also known as Angel
Rodriguez, Defendant–Appellant.**

No. 13–10738
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 15, 2014.

Lisa J. Miller, Assistant U.S. Attorney, James Wesley Hendrix, Assistant U.S. Attorney, U.S. Attorney's Office, Dallas, TX, for Plaintiff–Appellee.

Kevin Joel Page, Federal Public Defender's Office, Dallas, TX, Peter Michael Fleury, Assistant Federal Public Defender, Federal Public Defender's Office, Fort Worth, TX, for Defendant–Appellant.

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM: *

Santos Cueto–Parra challenges the procedural and substantive reasonableness of his 24–month revocation sentence. He admitted violating several conditions of his supervised release by illegally reentering the United States following his removal. He faced a policy statement sentencing range of 21 to 27 months, although the statutory maximum prison term was 24 months.

During the revocation hearing, Cueto–Parra's attorney argued for leniency because Cueto–Parra returned to the United States to be with his son, who was in a hospital after a serious car accident. At the time of the hearing, Cueto–Parra had been convicted of illegal reentry four times and deported a total of six times. He also had been convicted of battery, carrying a loaded weapon in a public place, possession of heroin for sale, driving with a suspended license, transportation of a controlled substance, possession of a controlled substance for sale, and driving while intoxicated. The district court "considered all the evidence and arguments" in the revocation petition, along with the Sentencing Commission's policy statements. Finding that Cueto–Parra presented a "risk to the community," the court sentenced him within the policy range to the statutory maximum of 24 months in prison, noting that the sentence would "serve as deterrence from further criminal activity."

Because Cueto–Parra did not object to the procedural or substantive reasonableness of his sentence, we review for plain error. *See United States v. Whitelaw,* 580 F.3d 256, 259–60 (5th Cir.2009).[1] He must show an error that is clear or obvious that affects his substantial rights. *See Puckett v. United States,* 556 U.S. 129, 135, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009). If he makes such a showing, this court has the discretion to correct the error, but only if it seriously affects the fairness, integrity,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. Cueto–Parra's argument that plain error review should not apply to his objection that the district court failed to provide adequate reasons is foreclosed. *See id.* at 259.

or public reputation of judicial proceedings. *See id.*

According to Cueto–Parra, the district court plainly erred by failing to address his nonfrivolous argument for a reduced sentence. The district court listened to his argument for leniency but explained that the 24-month sentence was necessary to protect the public and afford adequate deterrence, two of the relevant sentencing factors under 18 U.S.C. § 3553(a). *See United States v. Miller,* 634 F.3d 841, 844 (5th Cir.2011). Although "the judge might have said more" by explicitly stating "that he had heard and considered the evidence and argument" and found that Cueto–Parra's personal circumstances did not outweigh his significant criminal record and history of recidivism, the "context and the record make clear that this, or similar, reasoning underlies the judge's conclusion." *Rita v. United States,* 551 U.S. 338, 359, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). "Where a matter is as conceptually simple as in the case at hand and the record makes clear that the sentencing judge considered the evidence and arguments," more extensive reasons are not required. *Id.* The district court's explanation allows meaningful review and promotes the perception of fair sentencing. *See id.; Gall v. United States,* 552 U.S. 38, 50, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The district court did not plainly err in explaining the sentence.

Cueto–Parra also contends that his statutory maximum sentence was substantively unreasonable because it did not account for his reason for violating the conditions of his supervised release, i.e., his desire to see his son in the hospital. When imposing a revocation sentence, relevant sentencing factors under § 3553(a) include the nature and circumstances of the offense, the defendant's history and characteristics, and the need to afford adequate deterrence and to protect the public. *See Miller,* 634 F.3d at 844. We generally review a revocation sentence under the plainly unreasonable standard in 18 U.S.C. § 3742(a)(4), which is "more deferential" than the reasonableness standard applied to original sentences. *Id.* at 843.[2] Additionally, we apply a presumption of reasonableness to a within policy range revocation sentence. *United States v. Lopez–Velasquez,* 526 F.3d 804, 809 (5th Cir. 2008). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks,* 589 F.3d 173, 186 (5th Cir.2009).

The district court acted within its statutory authority by imposing the 24-month sentence. *See* 18 U.S.C. § 3583(e)(3); *United States v. McKinney,* 520 F.3d 425, 427 (5th Cir.2008). Its weighing of the relevant sentencing factors is entitled to deference. *See Miller,* 634 F.3d at 843. As in *United States v. Castillo–Garcia,* 469 Fed.Appx. 389, 392 (5th Cir.2012), the statutory maximum sentence "does not demonstrate that [the mitigating circumstance] did not receive any weight, but only that, in the end, other factors were given greater weight." In light of Cueto–Parra's history of recidivism, he has not shown that it was a clear error of judgment for the district court to give greater weight to the need to protect the public and to afford

---

**2.** Cueto–Parra acknowledges *Miller*'s holding that revocation sentences are reviewed under the plainly unreasonable standard, but he preserves for further review whether revocation sentences should be reviewed instead for reasonableness under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

adequate deterrence than to his desire to see his son in the hospital. *See Cooks*, 589 F.3d at 186. Accordingly, he fails to overcome the presumption of reasonableness. *See id.; see also United States v. Gomez–Herrera*, 523 F.3d 554, 565–66 (5th Cir. 2008) (declining to disturb presumption of reasonableness where district court denied a downward variance over the defendant's objection that one of his motives for illegal reentry was to see his ailing father before he died).

As Cueto–Parra has failed to show any plain error, the judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.