United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 16, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-31074
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

WILLARD MAY, also known as Wolf,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 94-CR-30020-1
---------------------

**ON PETITION FOR REHEARING**

Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

     IT IS ORDERED that the petition for rehearing is GRANTED.

The original opinion is withdrawn and the following substituted

in its place.


     Willard May appeals from his guilty-plea conviction and

sentence for conspiracy to distribute in excess of 50 grams of

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

cocaine base in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846.

May argues that the district court committed several Rule 11 violations and that those errors constituted plain error.  The district court did not engage in plea negotiations.  The plea agreement was signed several days before the off-the-record conference and the Rule 11 hearing, and the district court did not indicate what sentence May would receive.  See United States v. Daigle, 63 F.3d 346, 349 (5th Cir. 1995).  The district court ensured that the entire plea agreement was disclosed during the plea colloquy, and there were no additional terms to the agreement.  The district court adequately advised May about the drug-quantity element of the offense.  Since the agreement between May and the Government was a Rule 11(e)(1)(A) plea agreement, the district court was not required to advise May that he would have no right to withdraw his guilty plea if it did not accept his sentencing requests.  See FED. R. CRIM. P. 11(e)(2). Although the district court did not specifically advise May of his right to plead not guilty and his right to counsel at trial, May signed an "understanding of maximum penalty and constitutional rights" in which he affirmed that he understood those rights.  May has not demonstrated that the deviation from Rule 11(c)(3) affected his substantial rights.  See United States v. Ramirez-Velasquez, 322 F.3d 868, 879 (5th Cir. 2003).

May argues that the district court's application of the career offender enhancement constituted plain error. The government concedes that classifying May as a career offender under the guidelines was error. However, it argues that the error is not plain because May's sentence would not have been significantly different under the corrected guideline range. The district court sentenced May assuming a guideline range of 262 to 327 months. It departed downward by 105 months to impose a sentence of 157 months. The government concedes, however, that the correct guideline range is 108 to 135 months. Thus, to reach the same sentence, the district court would have to make an upward departure of 22 months and the court gave no reason that would support an upward departure.

Accordingly, we remand to the district court for resentencing in light of this opinion.[**]

REVERSED and REMANDED.

---

[**]We need not address May's argument, raised initially on rehearing regarding the district court's judgment to have 85 months of May's sentence run consecutive to his state sentence.