# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 20, 2011

Lyle W. Cayce
Clerk

No. 10-10855
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ERASMO ROBERTO CRUZ-NAGERA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:10-CR-12-1

Before DAVIS, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Erasmo Roberto Cruz-Nagera pleaded guilty to illegal reentry after deportation, and he was sentenced to 60 months of imprisonment and to three years of supervised release. Cruz-Nagera's written judgment included as a special condition of supervised release the requirement that "upon completion of his term of imprisonment, [he] is to be surrendered to a duly-authorized immigration official for deportation." The district court did not mention this special condition at sentencing.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cruz-Nagera argues that because the district court did not orally impose this condition at sentencing, the written judgment should be amended to conform with the district court's oral pronouncement of his sentence. Because Cruz-Nagera did not have the opportunity at sentencing to challenge the district court's inclusion of this special condition in the written judgment, we review the district court's imposition of this condition for an abuse of discretion. *See United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006).

Where there is a conflict between a written sentence and an oral pronouncement, the oral pronouncement controls. *United States v. Torres-Aguilar*, 352 F.3d 934, 935 (5th Cir. 2003). "[T]he judgment's inclusion of conditions that are mandatory, standard, or recommended by the Sentencing Guidelines does not create a conflict with the oral pronouncement." *Id.* at 938. However, "if the district court fails to mention a *special* condition at sentencing, its subsequent inclusion in the written judgment creates a conflict that requires amendment of the written judgment to conform with the oral pronouncement." *Id.* at 936 (internal quotation marks and citation omitted).

The condition imposed by the district court is not listed among the standard conditions of supervised release found in U.S.S.G. § 5D1.3(c). Furthermore, the condition is not recommended under § 5D1.3(d)(6) because the record does not support that the section applies here. Because the district court did not impose this special condition orally at sentencing, the district court abused its discretion by including it in the written judgment, and this case must be remanded for the district court to amend its written judgment to conform with its oral sentence. *See United States v. Wheeler*, 322 F.3d 823, 828 (5th Cir. 2003).

For the above reasons, we AFFIRM in part, VACATE in part, and REMAND for amendment of the written judgment consistent with this opinion.