**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 6, 2012

No. 11-10545

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN CARLOS RODRIGUEZ-BARAJAS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:10-CR-81-1

Before REAVLEY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Juan Carlos Rodriguez-Barajas appeals following his guilty plea conviction for illegal re-entry after deportation. He contends that two special conditions of supervised release imposed in the district court's written judgment conflict with the oral pronouncement of his sentence. The Government concedes error on one of the conditions.

When a written entry of judgment conflicts with the oral pronouncement of sentence made at a sentencing hearing, the oral pronouncement controls and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10545

the written judgment must be conformed to the oral pronouncement. *United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006). If the difference between the written and oral judgments merely creates an ambiguity, we may examine the entire record to determine the intent of the sentencing court. *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001).

The district court here orally ordered as a special condition of supervised release that Rodriguez-Barajas "participate in a program approved by the United States Probation Office for the treatment of narcotic, drug, or alcohol dependency." The written judgment ordered that Rodriguez-Barajas also "abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment." Rodriguez-Barajas argues that there is a conflict because the oral pronouncement did not include the abstention provision or require that he successfully complete treatment; therefore, he asserts that it is possible that he could participate in an alcohol/drug treatment program while at the same time continuing to use those substances. This argument is unpersuasive. The record shows that Rodriguez-Barajas has a history of alcohol abuse, which includes prior convictions for driving while intoxicated and assault while drunk, and he has been previously ordered to attend Alcoholics Anonymous while on a prior probation. Read in light of that context, the district court's written judgment adds nothing not implicit in the court's oral pronouncement and intent directing that Rodriguez-Barajas receive treatment for substance dependency. *See United States v. Warden*, 291 F.3d 363, 365 (5th Cir. 2002).

That is not the case, however, with respect to the portion of the district court's written judgment ordering as a special condition of supervised release that "upon completion of his term of imprisonment, the defendant is to be surrendered to a duly-authorized immigration official for deportation." The district court did not mention this provision at the sentencing hearing, and the

No. 11-10545

Government concedes that it conflicts with the oral pronouncement of sentence. We agree. The condition imposed is not listed in the sentencing guidelines as a standard or mandatory condition of supervised release, and it is not among the conditions recommended by the Sentencing Commission insofar as the record does not support its application here. *See* U.S.S.G. § 5D1.3(c) & (d)(6); *see also United States v. Torres-Aguilar*, 352 F.3d 934, 938 (5th Cir. 2003) (holding that a conflict with oral pronouncement is not created by including conditions that are standard, mandatory, or recommended by the Sentencing Commission). The written judgment improperly conflicts with the oral pronouncement. *See United States v. Cruz-Nagera*, 454 F. App'x 371, 372 (5th Cir. 2011). We therefore modify the judgment to excise the provision requiring that Rodriguez-Barajas be "surrendered to a duly-authorized immigration official for deportation."

AFFIRMED AS MODIFIED.