**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 11-10954
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 15, 2012

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ERNESTO ESCOBEDO-ZAPATA,

Defendant-Appellant

-------------------------------------------------------
Consolidated with 11-10970

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE GUADALUPE GUEVARA-CASTRO,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 6:11-CR-16-1

No. 11-10954 c/w No. 11-10970

Before SMITH, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

In separate proceedings, Jose Ernesto Escobedo-Zapata and Jose Guadalupe Guevara-Castro each pleaded guilty to illegal reentry after deportation and were each sentenced to 24 months of imprisonment and one year of supervised release. In this consolidated appeal, the appellants raise the same two challenges to their sentences.

In their first challenge, they argue that the district court erred by imposing two special conditions of supervised release that were not mentioned during the oral pronouncements of their sentences. In the written judgments, the following special conditions were included: (1) "upon completion of his term of imprisonment, the defendant is to be surrendered to a duly-authorized immigration official for deportation in accordance with the established procedures provided by the Immigration and Nationality Act"; and (2) in relation to the approved drug treatment program, "[t]he defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment." We review the imposition of a special condition for an abuse of discretion. *See United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006).

As conceded by the Government, the deportation condition in the written judgment conflicts with the oral pronouncement of sentence and therefore must be removed from the written judgment. *See United States v. Rodriguez-Barajas*, No. 11-10545, 2012 WL 3176219, at *1 (5th Cir. Aug. 6, 2012) (unpublished); *United States v. Cruz-Nagera*, 454 F. App'x 371, 372 (5th Cir. 2011). However, the district court expressly orally ordered each defendant to participate in a drug/alcohol dependency program. Thus, pursuant to *Rodriguez-Barajas*, 2012 WL 3176219, at *1, the abstinence conditions may remain because the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appellants' history of alcohol and/or drug abuse substantiates the abstinence condition in each case and the written condition flows from the orally ordered condition.

In their second argument, the appellants contend that the upward variances to the statutory maximum terms of imprisonment obviated the adjustments for acceptance of responsibility and accordingly circumvented the congressional intent underlying those adjustments. When reviewing an upward variance, the ultimate question is whether the extent of the variance was an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). This court recently rejected the identical argument in *United States v. Castillo-Garcia*, 469 F. App'x 389, 391-93 (5th Cir. 2012). Moreover, neither appellant has demonstrated that his sentence was substantively unreasonable. *See Gall,* 552 U.S. at 51.

Accordingly, we MODIFY the judgments of conviction to excise the provisions requiring each appellant "to be surrendered to a duly-authorized immigration official for deportation" and AFFIRM the judgments of conviction and sentence as modified.