# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40418
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 16, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALICIA V. LARRIER, also known as Alicia Victoria Larrier-Amaya, also known as Alicia Victoria Espaillat,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:14-CR-336

Before GRAVES, HIGGINSON, and COSTA, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:[*]

A jury convicted Alicia V. Larrier of illegal reentry following deportation in violation of 8 U.S.C. § 1326. The district court sentenced Larrier to ninety-seven months of imprisonment. On appeal, Larrier argues that her conviction and sentence should be reversed because the district court impermissibly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40418

participated in plea negotiations in violation of Federal Rule of Criminal Procedure 11(c)(1).[1]

Because Larrier failed to raise an objection to the district court's alleged improper participation in plea negotiations, this court's review is for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 368 (5th Cir. 2009). Under plain error review, Larrier has the burden of showing a forfeited error that is clear or obvious and that affects her substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If she does so, this court has the discretion to correct the error if it seriously affects the integrity, fairness, or public reputation of the judicial proceedings. *See id.*

Larrier claims that during a pretrial conference, the district judge violated Rule 11(c)(1) by implying that Larrier was making a bad decision by not pleading guilty, that she had no defense, and that she was running the risk of a higher sentence by going to trial. This court has described Rule 11(c)(1) as a "bright line rule" that absolutely prohibits "all forms of judicial participation in or interference with the plea negotiation process." *United States v. Pena*, 720 F.3d 561, 570 (5th Cir. 2013) (citations omitted). This bright line prohibition serves to diminish the likelihood of a court coercing a guilty plea, to avoid impairing the court's impartiality by giving the court a stake in the plea bargaining process, and to avoid creating the impression that the court is an advocate for a plea. *See id.* at 570–71; *United States v. Rodriguez*, 197 F.3d 156, 158–59 (5th Cir. 1999).

The district court's comments, when read in context, do not reflect obvious improper participation in a plea discussion. The challenged remarks made by the district court were made in the context of answering Larrier's

---

[1] Rule 11(c)(1) reads: "An attorney for the government and the defendant's attorney, or the defendant when proceeding pro se, may discuss and reach a plea agreement. The court must not participate in these discussions. . . ."

inquiries, addressing her misunderstandings about the guilty-plea process, and ensuring that she understood her choice of pleading guilty or going to trial. The comments did not create an appearance of impartiality or coercion. *Cf. Rodriguez*, 197 F.3d at 159 (district court's coercive statements exerted pressure on a reluctant defendant to plead guilty and violated Rule 11). Beyond noting that Larrier would "giv[e] up three-levels for acceptance of responsibility" if she was convicted, the district court did not promise a reduced sentence or suggest that a particular sentence was a possible outcome if Larrier pleaded guilty. *See United States v. Daigle*, 63 F.3d 346, 349 (5th Cir. 1995) (district court's indication of sentence constitutes participation in plea negotiations). Nor did the court inject itself into any discussion of the particular terms of conditions of any plea agreement. *Cf. United States v. Crowell*, 60 F.3d 199, 204 (5th Cir. 1995) (district court's comment that it would require a sentence of a certain level of severity before it would accept a plea violated Rule 11).

Even if the district court's statements constituted a clear and obvious Rule 11 error, Larrier cannot show an adverse effect on her substantial rights. "To affect the defendant's substantial rights, the defendant must demonstrate that the error affected the outcome of the district court proceedings." *Pena*, 720 F.3d at 570 (quoting *United States v. Broussard*, 669 F.3d 537, 553 (5th Cir. 2012)). The Government offered Larrier a conditional plea agreement, which she rejected, on three occasions. Larrier then exercised her right to trial and was convicted by a jury. She has not presented any evidence that the district court's impartiality at sentencing was impaired by the discussions. *See id.* The only evidence Larrier presented suggesting impartiality was the district court's acknowledgment, when discussing a two-level enhancement for obstruction of justice, that Larrier did not always "maintain that she was not

guilty of illegal reentry" because she   had previously demanded a misdemeanor.  Although Larrier contends that the district court had this information only because it participated in plea negotiations, the record shows that Larrier volunteered the details of her plea negotiations during the hearing.  Because the detailed sentencing hearing transcript does not show that the district court lacked impartiality, Larrier cannot show that the district court's discussions affected her substantial rights.  *See United States v. Diaz*, 138 F.3d 1359, 1364 (11th Cir. 1998), *abrogation on other grounds recognized by United States v. Castro*, 736 F.3d 1308, 1313 (11th Cir. 2013).

Because Larrier has not shown that the district court plainly erred, the district court's judgment is AFFIRMED.