# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10728
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 7, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRISTOPHER STEPHEN MARTIN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CR-183-1

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Pursuant to a written plea agreement, Christopher Martin pleaded guilty to one count of felon in possession of a firearm, 18 U.S.C. § 922(g). The district court sentenced him to 96 months of imprisonment and three years of supervised release. On appeal, Martin argues that his guilty plea should be vacated because the district court impermissibly participated in plea negotiations in violation of Federal Rule of Criminal Procedure 11(c)(1).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10728

Because Martin raised an objection to the district court's alleged improper participation in plea negotiations, this court's review is for harmless error under Rule 11(h).  When review is for harmless error under Rule 11(h), the Government has the burden of showing that an alleged error did not affect the defendant's substantial rights.  *See United States v. Davila*, 133 S. Ct. 2139, 2147 (2013).  The focus of the harmless error inquiry "is whether the district court's flawed compliance with Rule 11 may reasonably be viewed as having been a material factor affecting the defendant's decision to plead guilty." *United States v. Daigle*, 63 F.3d 346, 349 (5th Cir. 1995).  "We must consider whether it was reasonably probable that, but for the district court's comments, the defendant would have exercised his right to go to trial."  *United States v. Hemphill*, 748 F.3d 666, 672 (5th Cir. 2014) (citations omitted).

Martin claims that the district court impermissibly participated in plea negotiations when it made the following statement: "And if you were to plead guilty today under these circumstances, I would give you the two points for acceptance [of responsibility]."  This court has described Rule 11(c)(1) as a "bright line rule" that absolutely prohibits "all forms of judicial participation in or interference with the plea negotiation process."  *United States v. Pena*, 720 F.3d 561, 570 (5th Cir. 2013) (citations omitted).  The bright line prohibition of Rule 11(c)(1) serves to diminish the court's impartiality by giving the court a stake in the plea bargaining process, and to avoid creating the impression that the court is an advocate for a plea.  *See id.* at 570-71; *United States v. Rodriguez*, 197 F.3d 156, 158-59 (5th Cir. 1999).

While the better practice would be not to make comments such as this one, it is questionable whether the subject statement constituted the district court's improper participation in plea negotiations.  By making the statement, the district court did not indicate Martin's likely sentence.  *See Daigle*, 63 F.3d

2

at 348-49.  Furthermore, the district court's statement did not indicate its view of the probable consequences of going to trial or accepting a negotiated plea deal.  *See Rodriguez*, 197 F.3d at 159-60 (citation omitted).  Nor did the district court inject itself into any discussion of the particular terms of conditions of any plea agreement.  *See United States v. Crowell*, 60 F.3d 199, 204 (5th Cir. 1995).  Additionally, the district court made the subject statement immediately prior to trial, when it was clear that plea negotiations were not ongoing.  *See United States v. Reasor*, 418 F.3d 466, 479 (5th Cir. 2005) (holding that "Rule 11's prohibition does not apply" where the parties have failed to reach a plea agreement, and there is "no ongoing plea negotiations").

Moreover, the context of the subject statement undermines the contention that the remark was improper.  *Davila*, 133 S. Ct. at 2150 (holding that the effect of the district court's "comments should be assessed, not in isolation, but in light of the full record").  The district court made the statement after Martin lamented that he had rejected a prior plea offer based on his misapprehension that negative gunshot residue (GSR) test results existed that were favorable to his case.  Because Martin did not have the benefit of knowing that favorable GSR test results did not exist when he previously rejected the Government's plea offer, the district court merely opened the door for plea negotiations to occur.  It was in this context that the district court then made the single comment that a two-point guidelines reduction would still be available for acceptance of responsibility if Martin pleaded guilty.  Further, the district court made the subject comment after admonishing Martin with the following: "I'm not encouraging you to plead.  I don't have an interest in whether you do or don't."  Thus, when viewed in the context of the entire colloquy, the district court, in making the single comment at issue, does not appear to have been advocating for or encouraging a guilty plea, as is

prohibited under this court's precedent. *See Pena*, 720 F.3d at 570-71; *United States v. Miles*, 10 F.3d 1135, 1139 (5th Cir. 1993).

Nevertheless, even if the district court's comment arguably violated Rule 11(c)(1), Martin has failed to rebut the Government's showing that the comment "may [not] reasonably be viewed as having been a material factor affecting [his] decision to plead guilty." *Daigle*, 63 F.3d at 349. In support of his argument that the district court's comment was a material factor, Martin points to the fact that he filed a motion to withdraw his guilty plea and, after its denial, a motion to reconsider the denial of same. However, other than pointing to the fact that he filed the motions, Martin fails to explain how the motions establish that the district court's single comment was a material factor. The record shows that Martin pleaded guilty first and foremost after learning that certain favorable evidence—negative GSR tests—never existed. Immediately after learning that favorable GSR test results did not exist, and the district court informing Martin that it could not order the tests to be performed, Martin sought to, and in fact did, engage in plea discussions. Moreover, it was the absence of favorable GSR test results, Martin's mistaken belief about the existence of this evidence, and his perception that his counsel was ineffective in advising him about same, that formed the basis for his motion to withdraw his plea. While, in his subsequent motion to reconsider the denial of his motion to withdraw his guilty plea, he averred that he felt pressured by the district court to enter into a plea, he points to nothing in the record to buttress this self-serving statement. In light of the entire record as a whole, Martin has failed to rebut sufficiently the Government's argument that the single comment made by the district court was not a "material factor" in his decision to plead guilty. Thus, even if the district court's single comment

No. 15-10728

constituted improper participation in plea negotiations in violation of Rule 11(c)(1), the error was harmless and the district court's judgment is affirmed.

Martin separately argues that "there is a clerical error in the written judgment because it states that a magistrate judge conducted the rearraignment . . . when U.S. District Judge Lynn conducted the guilty plea hearing." Martin seeks "remand to the district court to amend or correct appellant's judgment to state that the guilty plea was heard by the district court." The Government does not quarrel with Martin's contention that a clerical error exists, but avers that the error "is immaterial to Martin's conviction and needs no correction."

Federal Rule of Criminal Procedure 36 provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Consonant with this broad authority, this court has remanded criminal appeals with directions to the district court to make minor corrections in the judgment, such as fixing typos, which likely would not themselves give rise to an appealable issue. *See, e.g., United States v. Hernandez*, 613 F. App'x 406 (5th Cir.) (remanding for correction of judgment which identified offense as 21 U.S.C. § 84(a)(1) rather than 21 U.S.C. § 841(a)(1)), *cert. denied*, 136 S. Ct. 350 (2015). This court may remand for the correction of such clerical errors even if there is an enforceable appeal waiver. *See United States v. Higgins*, 739 F.3d 733, 739 n.16 (5th Cir. 2014). In light of the fact that the clerical error cited by Martin is manifest, this case will be remanded for the limited purpose of correcting Martin's judgement of conviction so that it no longer incorrectly reflects that his rearraignment occurred before a magistrate judge.

No. 15-10728

REMANDED to the district court for the limited purpose of correcting a clerical error in the written judgment, *see* FED. R. CRIM. P. 36.  In all other regards, AFFIRMED.