# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-40001

United States Court of Appeals
Fifth Circuit

**FILED**
March 24, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ARNOLDO BELMONTES, JR.,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:14-CR-745-1

Before KING, COSTA, and HO, Circuit Judges.*

PER CURIAM:**

The district court revoked the defendant's supervised release after he was arrested for drug possession and failed two drug tests. The district court also required the defendant, once back on supervised release, to participate in an alcohol-abuse treatment program and to abstain from drinking. For the following reasons, we hold that the district court committed no reversible error.

---

* Judge Ho concurs in the judgment.

** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40001

## I.

In 2014, defendant–appellant Arnoldo Belmontes Jr. was convicted of unlawfully possessing a firearm and was sentenced to imprisonment followed by a term of supervised release. The conditions of his supervised release required him to "report to the probation office . . . within 72 hours of release" and forbade him to "commit another federal, state or local crime" or to "unlawfully possess [or use] a controlled substance."

Belmontes began his term of supervised release on July 20, 2018, and he soon violated each of those three conditions. First, he did not contact the probation office within seventy-two hours of his release. Second, on September 26, 2018, he was pulled over by an officer of the Houston Police Department while driving a vehicle containing 172.49 grams of cocaine and 88.89 grams of marijuana, as well as apparent drug paraphernalia.[1] Belmontes was subsequently charged in state court with the manufacture or delivery of a controlled substance. Third, on October 9 and October 12, 2018, Belmontes provided urine samples to the probation office, and both samples tested positive for marijuana and cocaine.

On December 21, 2018, Belmontes appeared before the district court for a supervised-release-revocation hearing. The probation office alleged that Belmontes had violated the conditions of his supervised release in that: (1) he failed to report to the probation office within seventy-two hours; (2) he committed a crime—i.e., he manufactured or delivered at least four grams of cocaine, and also possessed cocaine and marijuana; and (3) he unlawfully possessed or used a controlled substance, as indicated by the results of his drug tests. Belmontes admitted to the first and third violations but denied the

---

[1] Another individual was also in the car.

second. Nevertheless, the district court found by a preponderance of the evidence that all the allegations were true.

Belmontes requested that he be allowed to remain on supervised release, perhaps supplemented by drug treatment, but the district court revoked Belmontes's supervision, noting that Belmontes had been found with "a big chunk of cocaine" as well as drug paraphernalia. The court stated that it "c[ould]n't have [Belmontes] out smoking weed and doing coke." In announcing the sentence, the court also stated that it "consider[ed] those factors under 18 U.S.C. § 3553(a)," but it did not specify which factors it was considering, nor did it indicate how those factors corresponded to the facts of the case. The court sentenced Belmontes to eighteen months' imprisonment.

During the hearing, the probation officer suggested that the district court impose, upon Belmontes's eventual release, "some form of drug and alcohol treatment." The court sentenced Belmontes to a term of supervised release and stated that Belmontes must at that time "participate in a drug treatment program." The probation officer then asked the court, "for the clarification of the office, did you order drug and alcohol treatment?" The court responded that it had. At no point did Belmontes object. In its eventual written judgment, the district court required, as special conditions of Belmontes's supervised release, that he: (1) "must participate in a[] . . . substance-abuse treatment program," (2) "must participate in an . . . alcohol-abuse treatment program," and (3) "may not use or possess alcohol."

On appeal, Belmontes asserts that the district court committed two errors. First, he argues that the district court erred when revoking his supervised release by impermissibly focusing on the seriousness of his offense. And second, he argues that the alcohol-related special conditions were not justified by the record. We address each claimed error in turn.

No. 19-40001

## II.

### A.

#### 1.

As the Supreme Court recently clarified, to challenge a sentence on appeal, a criminal defendant is merely required to have "advocate[d] for a sentence shorter than the one ultimately imposed." *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766 (2020). Accordingly, Belmontes's request that the district court give him no additional prison time preserved his ability to challenge his sentence on appeal, notwithstanding his failure to make a formal objection. *See id.*

Under 18 U.S.C. § 3583(e), a district court *may* "revoke a term of supervised release . . . if the court . . . finds by a preponderance of the evidence that the defendant violated a condition of supervised release." § 3583(e)(3). When doing so, the district court is statutorily directed to consider certain factors that the court normally considers when imposing a sentence. § 3583(e) (citing 18 U.S.C. § 3553(a)(1), (2)(B)-(D), (4)-(7)). These factors include, among others, "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1), and "the need . . . to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner," § 3553(a)(2)(D). But in contemplating revocation of supervised release under § 3583(e), "district courts may not consider the need for the sentence imposed to reflect the seriousness of the offense or to provide just punishment for the offense." *United States v. Rivera*, 784 F.3d 1012, 1017 (5th Cir. 2015) (citing *United States v. Miller*, 634

4

No. 19-40001

F.3d 841, 844 (5th Cir. 2011)).[2] It is reversible error for either of these considerations to be "a dominant factor in the court's revocation sentence." *Id.*

Under § 3583(g), however, a district court *must* "revoke the term of supervised release and require the defendant to serve a term of imprisonment" if the defendant "possesses a controlled substance" in violation of his conditions of supervision. § 3583(g)(1).[3] When imposing a sentence under § 3583(g), the district court is neither directed nor forbidden to consider any particular factors. *See United States v. Illies*, 805 F.3d 607, 609 (5th Cir. 2015); *United States v. Giddings*, 37 F.3d 1091, 1095, 1097 (5th Cir. 1994).

**2.**

The parties dispute whether the proceeding below was conducted under § 3583(e) or § 3583(g). The government argues that § 3583(g) plainly applied since the district court found that Belmontes possessed cocaine and marijuana and Belmontes himself admitted to using those drugs. Appellant responds that the parties and the court below all understood the proceeding to be under § 3583(e), pointing to defense counsel's request that Belmontes's supervised release be allowed to continue and observing that the district court indicated that it would "consider" that request.[4]

The parties' misapprehension of the governing law, however, does not change the legal obligations of the district court. Belmontes was found to have unlawfully possessed a controlled substance, and thus revocation of his

---

[2] This is because "punishment of the offense constituting the violation is best left to the court responsible for imposing the sentence for the offense itself." *United States v. Rivera*, 797 F.3d 307, 309 (5th Cir. 2015). It "would raise an issue of double jeopardy if the revocation of supervised release were also punishment for the same offense." *Johnson v. United States*, 529 U.S. 694, 700 (2000).

[3] In this context, use of a controlled substance constitutes possession. *United States v. Courtney*, 979 F.2d 45, 48-49 (5th Cir. 1992).

[4] Appellant also observes that the government did not object to this request. Both Belmontes and the government have obtained new counsel for this appeal.

supervised release was mandatory under § 3583(g). *See* § 3583(g)(1). And because § 3583(g) applied, it would not have been improper for the district court to consider the seriousness of or just punishment for Belmontes's offense. *See Illies*, 805 F.3d at 609. We thus need not decide whether the district court did in fact consider either of those factors when sentencing Belmontes.[5]

Appellant asserts that a determination that the hearing proceeded under § 3583(g) would "implicate" the Supreme Court's recent decision in *United States v. Haymond*, 139 S. Ct. 2369 (2019). In *Haymond*, the Supreme Court invalidated § 3583(k), which mandated revocation of supervised release and at least five years' imprisonment for sex-offender defendants who commit certain enumerated criminal offenses. *See id.* at 2374 n.2, 2378 (plurality opinion); *id.* at 2386 (Breyer, J., concurring in judgment). Appellant suggests that § 3583(g) presents the same constitutional concerns that sunk § 3583(k)—namely, that it mandates additional imprisonment based on nothing more than a judicial finding of fact by a preponderance of the evidence.

It is far from clear, however, that *Haymond* requires invalidation of § 3583(g). *Cf. id.* at 2382 n.7 (plurality opinion) (declining to "express a view on the mandatory revocation provision for certain drug and gun violations in § 3583(g), which requires courts to impose 'a term of imprisonment' of unspecified length"). In his controlling opinion, Justice Breyer concluded that § 3583(k) was unconstitutional for three reasons "considered in combination." *Id.* at 2386 (Breyer, J., concurring in judgment). Specifically, Justice Breyer

---

[5] Appellant asserts that the district court considered the seriousness of or just punishment for his drug possession only. This appeal thus does not present the question whether a district court proceeding under § 3583(g) may also consider the seriousness of or just punishment for an offense not listed under § 3583(g). *Cf. United States v. Davis*, 532 F. App'x 547, 549 (5th Cir. 2013) ("Although the district court could not consider [seriousness or just punishment] in revoking supervised release and imposing sentence under § 3583(e) for [the defendant]'s failure to report, the court was not so constrained in revoking supervised release and imposing sentence under § 3583(g) for possession.").

No. 19-40001

was troubled that § 3583(k): (1) "applies only when a defendant commits a discrete set of federal criminal offenses specified in the statute"; (2) "takes away the judge's discretion to decide whether violation of a condition of supervised release should result in imprisonment and for how long"; and (3) "limits the judge's discretion in a particular manner: by imposing a mandatory minimum term of imprisonment of 'not less than 5 years' upon a judge's finding that a defendant has 'commit[ted] any' listed 'criminal offense.'" *Id.*

As applied to § 3583(g), these factors point in different directions. Like § 3583(k), § 3583(g) applies only to a discrete set of specified violations, but they are not all independent criminal offenses. *See* § 3583(g). And like § 3583(k), § 3583(g) takes away the district judge's discretion to decide whether a violation of a condition of supervised release should result in imprisonment, but it does not limit the judge's discretion as to the minimum term of such imprisonment. *See id.* Justice Breyer's reasoning thus does not require any particular result.

Nor does appellant make any affirmative argument that § 3583(g) is unconstitutional. Rather, he urges us to "avoid that potentially complicated Sixth Amendment issue" altogether. We take that invitation, leaving the question of § 3583(g)'s continued viability for another day.

## B.

### 1.

Because Belmontes failed to object at sentencing to the district court's imposition of alcohol-abuse treatment, our review of that special condition is for plain error. *See United States v. Gordon*, 838 F.3d 597, 604 (5th Cir. 2016). But because the district court never said at the hearing that it would require Belmontes to abstain from alcohol altogether—thereby depriving Belmontes of

7

the opportunity to object—our review of that condition is merely for abuse of discretion. *See United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006).

"District courts have broad discretion to impose special conditions of supervised release." *United States v. Alvarez*, 880 F.3d 236, 239 (5th Cir. 2018). Nevertheless, any such condition "must be 'reasonably related' to one of four factors":

> (1) the nature and characteristics of the offense and the history and characteristics of the defendant, (2) the deterrence of criminal conduct, (3) the protection of the public from further crimes of the defendant, and (4) the provision of needed educational or vocational training, medical care, or other correctional treatment to the defendant.

*United States v. Weatherton*, 567 F.3d 149, 153 (5th Cir. 2009) (quoting § 3583(d)(1)). A condition also "cannot impose any 'greater deprivation of liberty than is reasonably necessary' to advance" the latter three factors. *Id.* (quoting § 3583(d)(2)). "Finally, the condition must be consistent with the policy statements issued by the Sentencing Commission." *Id.* (citing § 3583(d)(3)).[6]

Additionally, special conditions must be justified by factual findings of the district court. *Alvarez*, 880 F.3d at 240. If the district court fails to make such factual findings, "we may still affirm a special condition if we can infer the district court's reasoning after an examination of the record." *Id.* But "if the district court's reasoning [remains] unclear after our review of the record, the special condition must be vacated as an abuse of discretion." *Id.*

---

[6] One such policy statement is that "[i]f the court has reason to believe that the defendant is an abuser of narcotics, other controlled substances or alcohol," it is recommended that the district court impose "a condition requiring the defendant to participate in a program . . . for substance abuse" and "a condition specifying that the defendant shall not use or possess alcohol." U.S. Sentencing Guidelines Manual § 5D1.3(d)(4) (U.S. Sentencing Comm'n 2018).

No. 19-40001

**2.**

Although the district court did not make any factual findings to this effect, the record demonstrates that Belmontes either has or had a problem with alcohol. In connection with his original conviction, Belmontes admitted to the probation office that he "abused alcohol . . . throughout his teens and twenties."[7] That abuse resulted in at least two arrests: First, on December 9, 2004, a police officer pulled Belmontes over for reckless driving, determined that he was under the influence of alcohol, and arrested him for public intoxication. Second, on September 6, 2013, another police officer pulled Belmontes over, found him to have "the strong odor of an alcoholic beverage on his breath," and arrested him for public intoxication.

The record also reveals five other arrests for driving while intoxicated or for public intoxication between September 21, 2002, and June 12, 2014. Appellant observes that the record "does not identify the substance involved" in these incidents, and he argues that the district court had no basis to conclude that they involved alcohol. Indeed, Belmontes also has a record of being arrested, on several occasions, for marijuana intoxication, so it is not implausible that some or all of these other arrests were related to marijuana and not to alcohol.

But that misses the point. The record demonstrates that Belmontes has a history of abusing drugs—specifically, alcohol and marijuana—and that he has numerous arrests and convictions relating to his abuse of those drugs. The absence of evidence of the particular intoxicants involved in certain arrests is weak support for the notion that Belmontes no longer abuses alcohol but now struggles only with controlled substances.

---

[7] Belmontes was thirty years old at the time.

No. 19-40001

We have previously ruled that it was not an abuse of discretion for a district court to order a defendant with "conceded alcohol and drug problems" to abstain from using other, legal drugs where the forbidden drugs "may be addictive" and could possibly lead to "violent or illegal conduct." *United States v. Ferguson*, 369 F.3d 847, 853 (5th Cir. 2004).[8] A "history of drug abuse" was sufficient reason for the district court to restrict that defendant's use of certain other drugs that he had not previously abused. *Id.* Here, where it is conceded that Belmontes recently had—and it is quite possible that he still has—an alcohol problem, the district court did not abuse its discretion in requiring Belmontes to abstain from alcohol and to undergo treatment for alcohol abuse.[9]

In a letter submitted under Rule 28(j) of the Federal Rules of Appellate Procedure, appellant draws our attention to *United States v. Thompson*, No. 19-10445, 2020 WL 1156899 (5th Cir. Mar. 9, 2020) (unpublished). In that case, the district court required the defendant to "abstain from using all intoxicants, including alcohol," and to "participate in a program for the treatment of narcotic, drug, or alcohol dependence." *Id.* at *1. As in this case, the district court imposed the treatment condition both orally at the hearing and in the written judgment but imposed the abstinence condition only in the written judgment. *See id.* On appeal, we vacated the abstinence condition for conflicting with the district court's oral pronouncement. *Id.* (citing *United States v. Rivas-Estrada*, 906 F.3d 346, 350 (5th Cir. 2018)).

Unlike in this case, however, the defendant and the government in *Thompson* agreed that the orally imposed condition should be vacated. *See id.* Here, appellant did not argue, and the government denied, that the district

---

[8] We ruled that it was an abuse of discretion, however, to prohibit drugs like "tobacco and aspirin." *Ferguson*, 369 F.3d at 853.

[9] Because the imposition of the treatment program was not an abuse of discretion, it necessarily follows that it was not plain error. *See, e.g.*, *United States v. Gibson*, 875 F.3d 179, 195-96 (5th Cir. 2017).

No. 19-40001

court's failure to announce the alcohol-abstinence condition at the hearing was improper. And *Thompson* notwithstanding, we have previously allowed district courts to impose alcohol-abstinence conditions in the written judgment despite orally imposing only alcohol-treatment conditions at the hearing. *See, e.g.*, *United States v. Escobedo-Zapata*, 489 F. App'x 766, 767 (5th Cir. 2012) ("[T]he written condition flows from the orally ordered condition."); *United States v. Rodriguez-Barajas*, 483 F. App'x 934, 935 (5th Cir. 2012) ("[T]he district court's written judgment adds nothing not implicit in the court's oral pronouncement and intent . . . ."). Appellant has forfeited any argument that we should not do the same here.

## III.

Unrelated to the foregoing issues, the parties identify two clerical errors in the district court's judgment. First, the judgment states that Belmontes admitted the truth of all the probation office's allegations, whereas he actually denied the allegation that he had violated the law. Second, the judgment includes an extraneous digit in the case number of Belmontes's state-court prosecution. Accordingly, although we affirm the decision of the district court, we remand the case for the limited purpose of correcting these clerical errors. *See, e.g.*, *United States v. Martin*, 651 F. App'x 265, 267-68 (5th Cir. 2016); *United States v. Hernandez*, 613 F. App'x 406, 407 (5th Cir. 2015) (citing *United States v. Johnson*, 588 F.2d 961, 964 (5th Cir. 1979)).

## IV.

For the foregoing reasons, we AFFIRM the sentence imposed by the district court but REMAND the case for the limited purpose of correcting clerical errors in the judgment.

11