# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 6, 2022

Lyle W. Cayce
Clerk

No. 21-40108

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

LUIS MASCARENAS-JARAMILLO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
No. 7:18-cr-01422-4

Before KING, DUNCAN, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:[*]

Luis Mascarenas-Jaramillo pleaded guilty to a charge of conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. On appeal, he argues a clerical error in the judgment warrants remanding to the district court. He also challenges the inclusion of two loads of seized methamphetamine to

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-40108

calculate his base offense level. We affirm, but we remand for the limited purpose of correcting a clerical error in the judgment and PSR.

I.

Mascarenas-Jaramillo was involved with a scheme to import and distribute methamphetamine and methamphetamine mixture. His involvement with the crime began when his brother asked Mascarenas-Jaramillo to "drive him into the United States in order for him to meet with certain individuals." This led to his driving trucks back to Mexico that had been used to transport methamphetamine into the United States. He admitted the scheme involved distributing liquid methamphetamine by siphoning the drug out of a vehicle's gas tank into another and that he conspired "to possess with intent to distribute more than 500 grams of methamphetamine."

Mascarenas-Jaramillo pleaded guilty to a charge of conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a), (b)(1)(A)(viii). The probation officer concluded Mascarenas-Jaramillo should be held accountable for (1) 310.4 kilograms of methamphetamine seized on January 6, 2018, (2) 214.9 kilograms of methamphetamine seized on January 7, 2018, and (3) 417 kilograms of methamphetamine mixture seized on August 2, 2018. This resulted in a base offense level of 38. With a total offense level of 38 and criminal history category of I, Mascarenas-Jaramillo's guidelines range was 235 to 293 months' imprisonment.[1]

---

[1] In the initial version of the PSR, Mascarenas-Jaramillo's total offense level was reduced to 36 due to his acceptance of responsibility under U.S.S.G. § 3E1.1(a). When combined with his criminal history category of I this yielded a recommended guidelines range of 188 to 235 months' imprisonment. However, the PSR was later supplemented with

No. 21-40108

Mascarenas-Jaramillo objected to the PSR, arguing he should not be held accountable for the methamphetamine seized on January 7 and August 2 because he had no knowledge of or involvement with those loads of methamphetamine.[2] In this objection, Mascarenas-Jaramillo conceded involvement with the methamphetamine seized on January 6, 2018. At sentencing, Mascarenas-Jaramillo requested a downward departure because of his limited knowledge of the operation. The district court agreed the record did not show Mascarenas-Jaramillo personally transported drugs but ultimately concluded he was not substantially less culpable than the average participant. Though his brother was higher in the organization, Mascarenas-Jaramillo acted as his brother's "thirdhand" and was therefore "intimately aware of all that[] [was] going on." Additionally, the court stated that Mascarenas-Jaramillo was present when drugs were moved from one vehicle to another, that he knew who the drivers were, and that he had a good sense of how much was being transported.

The government moved for a safety valve reduction under U.S.S.G. § 5C1.2(a), which made Mascarenas-Jaramillo eligible for a two-level

---

a recommended two-level enhancement under U.S.S.G. § 2D1.1(b)(5) because the offense involved the importation of methamphetamine that Mascarenas-Jaramillo knew was unlawfully imported. Mascarenas-Jaramillo objected to this enhancement but did not appeal it.

[2] Mascarenas-Jaramillo also argued he should receive a mitigating role adjustment under U.S.S.G § 3B1.2 because he acted at the direction of his brother, did not know the scope or structure of the conspiracy, and did not actually transport any narcotics into the United States. However, the probation officer declined the adjustment, determining Mascarenas-Jaramillo and his brother were equally culpable. The probation officer also indicated Mascarenas-Jaramillo should be held accountable for all three loads of methamphetamine because he knew his brother was smuggling narcotics for a drug trafficking organization. Mascarenas-Jaramillo reiterated his objection to these findings at sentencing and they were implicitly denied. The denial of the mitigating role adjustment has not been appealed.

reduction under § 2D1.1(b)(18), as well as an additional one-level reduction, pursuant to § 3E1.1(b), for acceptance of responsibility. The district court adopted those recommendations, lowering Mascarenas-Jaramillo's total offense level to 35 and reducing his recommended guidelines range to 168 to 210 months.

The district court sentenced Mascarenas-Jaramillo at the bottom of that range to 168 months' imprisonment and no supervised release. Mascarenas-Jaramillo timely appealed.

## II.

Mascarenas-Jaramillo first argues clerical errors in the PSR and judgment must be corrected on remand. The indictment charged Mascarenas-Jaramillo with conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. But the written judgment describes the "[n]ature of [the] [o]ffense" as "[c]onspiracy to possess with intent to distribute 500 grams or more of methamphetamine." Because the judgment's description of the offense is not identical to the indictment's description, Mascarenas-Jaramillo argues that we must remand to correct the judgment. We agree.

We "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." FED. R. CRIM. P. 36. Such errors occur when "the court intended one thing but by merely clerical mistake or oversight did another." *United States v. Steen*, 55 F.3d 1022, 1026 n.3 (5th Cir. 1995) (citation omitted). Remand under Rule 36 is appropriate only "to make minor corrections . . . such as fixing typos." *United States v. Martin*, 651 F. App'x 265, 267 (5th Cir. 2016).

Mascarenas-Jaramillo argues that this case is like *United States v. McLean*, 850 F. App'x 296 (5th Cir. 2021). In that unpublished opinion, we

remanded to correct a judgment that mistakenly identified the crime of conviction as possession with intent to distribute 50 grams or more of methamphetamine, rather than a methamphetamine mixture. *McLean*, 850 F. App'x at 296–97. Because the judgment did not accurately reflect the offense to which the defendant pleaded guilty, remand was warranted. *Ibid.*

Remand is warranted here, too. Mascarenas-Jaramillo pleaded guilty to a charge of conspiracy to possess with intent to distribute 500 grams or more of "a mixture or substance containing a detectable amount of methamphetamine," not pure methamphetamine, as the judgment and PSR mistakenly state. This is the type of purely clerical error for which remand under Rule 36 is appropriate. While the district court correctly identified the statutes of conviction and punishment for the offense, Mascarenas-Jaramillo is entitled to have the judgment against him accurately reflect the offense to which he pleaded guilty. *See United States v. Mackay*, 757 F.3d 195, 196 (5th Cir. 2014) (remanding for correction of an erroneous PSR even though the error "had no effect on [the defendant's] conviction or sentence"). And since the PSR is "part of the record" under Rule 36, he is also entitled to its correction. *Id.* at 200 (holding that a PSR is "part of the record" within the meaning of Rule 36). Accordingly, we remand for the limited purpose of correcting the description of the offense contained in the judgment and PSR.

## III.

Mascarenas-Jaramillo next argues the district court erred by holding him accountable for the methamphetamine seized on January 7 and August 2, 2018. He argues the PSR lacked sufficient indicia of reliability to hold him accountable for these loads of methamphetamine because there was no indication he foresaw those drug amounts as part of the charged conspiracy.

We review the district court's interpretation or application of the Sentencing Guidelines *de novo* and its factual findings for clear error. *United*

No. 21-40108

*States v. Barfield*, 941 F.3d 757, 761 (5th Cir. 2019). "Factual findings are 'clearly erroneous only if, based on the entire evidence, we are left with the definite and firm conviction that a mistake has been committed.'" *United States v. Barry*, 978 F.3d 214, 217 (5th Cir. 2020) (citation omitted). "There is no clear error if the district court's finding is plausible in light of the record as a whole." *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008) (citation omitted).

"Even if an error is established, it must be disregarded 'if it is harmless, i.e., if it does not affect substantial rights.'" *United States v. Moton*, 951 F.3d 639, 644 (5th Cir. 2020) (citation omitted). Procedural sentencing errors are harmless if they do not affect the guidelines range. *See, e.g.*, *Barry*, 978 F.3d at 217 n.1; *United States v. Chon*, 713 F.3d 812, 822 (5th Cir. 2013) (noting that certain alleged errors in calculating the offense level were harmless because they did not alter the sentencing range).

Here, the amount of methamphetamine seized on January 6 is sufficient, standing alone, to support Mascarenas-Jaramillo's base offense level of 38 and sentence of 168 months. U.S.S.G. § 2D1.1(c)(1); Mascarenas-Jaramillo admitted his involvement with the January 6 load and does not contest it on appeal. As a result, any alleged error is harmless because it did not affect his guidelines range. *See United States v. Mora*, 843 F. App'x 613, 615 (5th Cir. 2021) (unpublished) (alleged error was harmless where the inclusion of a certain load of methamphetamine in the drug quantity calculation did not affect the defendant's guidelines range).

IV.

Finally, Mascarenas-Jaramillo argues the district court failed to make particularized findings regarding the scope of the conspiracy and whether any of the drug amounts were foreseeable to him. He faults the district court for relying on the PSR and not making more particular findings about his

6

involvement in the conspiracy. He argues, without explanation, that had the court included only the drugs he "specifically knew about," his total offense level would have been 9 and his guidelines range would have decreased to 4 to 10 months. (citing U.S.S.G. § 2D1.1(c)(7)).

Mascarenas-Jaramillo failed to make this argument below, so we review it for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To establish plain error Mascarenas-Jaramillo must show "a clear or obvious legal error that affects his substantial rights and seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Suarez*, 879 F.3d 626, 630 (cleaned up).

The district court was not required to make particularized findings to hold Mascarenas-Jaramillo accountable for the methamphetamine seized on January 6, 2018. *See* U.S.S.G. § 1B1.3(a)(1)(A) & comment (n.3(D)). Mascarenas-Jaramillo admitted to his involvement with this load of methamphetamine. His counsel also acknowledged Mascarenas-Jaramillo's "involvement regarding the January 6, 2018 drug seizures." As stated previously, that amount is sufficient to trigger his base offense level and guidelines range. *See* U.S.S.G. § 2D1.1(c)(1). So, Mascarenas-Jaramillo's argument that he might be subject to a range of only 4 to 10 months lacks any basis. What is more, the district court did make particularized findings about the scope of the conspiracy and what Mascarenas-Jaramillo could foresee.[3] Accordingly, the district court did not err, plainly or otherwise.

---

[3] In response to Mascarenas-Jaramillo's requested mitigating role adjustment, the district court found: his brother was higher in the organization; he was his brother's "thirdhand" and therefore was "intimately aware of all that's going on[;]" he was present when drugs were moved between vehicles; he knew the drivers; and he had a good sense of how much was being transported.

No. 21-40108

## V.

The district court's judgment is AFFIRMED. We REMAND for the limited purpose of correcting the clerical error in the judgment and PSR.