# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 11, 2024

Lyle W. Cayce
Clerk

———————

No. 23-50549

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Azael Garrido-Barrientos,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:22-CR-2664-1

———————————————————

Before Dennis, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Azael Garrido-Barrientos pled guilty to illegal reentry and was sentenced to 33 months in prison and 3 years of supervised release. On appeal, he argues some of the conditions of supervised release that appear in the judgment were not orally pronounced at sentencing. We agree and VACATE and REMAND in order that the judgment may be amended to

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

conform with the oral pronouncements. Except as otherwise affected by this opinion, the judgment is AFFIRMED.

This appeal requires us to apply the following standards:

> The district court must orally pronounce a sentence to respect the defendant's right to be present for sentencing. If the in-court pronouncement differs from the judgment that later issues, what the judge said at sentencing controls. This pronouncement rule applies to some supervised release conditions, but not all of them.

*United States v. Diggles*, 957 F.3d 551, 556–57 (5th Cir. 2020) (citations omitted). At sentencing, a court need not pronounce the conditions of supervised release that are required by statute or the United States Sentencing Guidelines. *Id.* at 557. There are eight mandatory conditions set out in Section 5D1.3(a) of the Guidelines. Those eight are drawn from a statute that requires a court to impose "as an explicit condition of supervised release" a list of requirements. 18 U.S.C. § 3853(d). There is no argument before us that the conditions listed in the judgment as such are not in fact mandatory, so we will not discuss those.

It is generally sufficient for the court to state that it is imposing the conditions recommended in the defendant's PSR or in a standing order of that court or of that judge that contains standard conditions. *United States v. Woods*, 102 F.4th 760, 768 (5th Cir. 2024). In other words, the actual conditions need not be orally stated at sentencing if the PSR or a standing order containing them is referenced. Here, however, there was no referencing of the PSR at sentencing. Further, though there is a standing order in that district, it was not referenced at sentencing either.

We review the conditions of supervised release that the district court did explain at sentencing to determine if any challenged conditions were not orally pronounced. When there was no opportunity to object at sentencing,

any condition that was not orally pronounced must be struck from the judgment. *United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006). The brief filed by counsel for Garrido-Barrientos contends that of the 17 standard conditions listed in the written judgment, the district court failed to pronounce several of them. The brief stated that "it appears there are multiple conditions included within the written judgment that are not mandatory under 18 U.S.C. § 3583(d)." The brief then states that as an "example," standard conditions 15 and 16 were not orally pronounced. After explaining some relevant precedent, counsel argues that the judgment must "be amended by removing all the unpronounced conditions."

The *Diggles* issue is certainly raised as to conditions 15 and 16, but the defendant fails to identify any additional conditions for us to consider despite implying there are others. This is an intentional, knowing waiver of the need to brief arguments fully. *See United States v. Quintanilla,* 114 F.4th 453, 463 n.5 (5th Cir. 2024). For that reason, we would consider only conditions 15 and 16, but the Government concedes that standard conditions 3 and 8 in addition to 15 and 16 were not pronounced and should be deleted from the judgment. It contends that the remaining conditions were consistent with the oral pronouncement.

Concession or not, this court must be convinced of the need for any amending of the judgment. In light of the briefing, we consider only the two conditions identified by the defendant and the other two conditions that the Government asserts were not pronounced. A separate and opposite issue is what to do about a requirement for searches that was pronounced orally at the sentencing hearing but not included in the written judgment.

Standard condition three prohibits Garrido-Barrientos from leaving the federal judicial district where he is authorized to reside without obtaining prior approval from the court. Standard condition eight prohibits Garrido-

Barrientos from communicating with a person he knows is engaged in criminal activity or has been convicted of a felony without prior approval. Conditions 15 and 16 require Garrido-Barrientos to provide requested financial information and not incur new credit charges or lines of credit without approval unless he is in compliance with the payment schedule. *Id.*

We agree with the Government's concession that none of these four conditions were orally pronounced at sentencing. Consequently, we will remand so that the judgment can be amended to remove them. The concurring opinion identifies other conditions that it asserts were not orally pronounced. The mandate of this court does not require that those conditions be altered but leaves it for the district court to determine what is appropriate to do as to those.

In addition, the district court stated at sentencing that as a condition of supervision, "probation can search your residence, your employment, your vehicles and anything else that you're found or suspected of being in possession or control over if probation finds that there's a reasonable basis for suspecting evidence of a violation of supervised release conditions can be found in those areas." That search condition, however, was not included in the written judgment. When a pronounced term of a sentence does not appear in the judgment, the judgment should be amended to conform to the oral pronouncement. *United States v. Illies*, 805 F.3d 607, 610 (5th Cir. 2015).

We VACATE in part and REMAND to the district court for proceedings consistent with this opinion. Except as otherwise affected by this opinion, the judgment is AFFIRMED.

JAMES L. DENNIS, *Circuit Judge*, concurring in part and dissenting in part:

The panel majority directs the district court on remand to (1) excise from its written judgment standard conditions three, eight, fifteen, and sixteen because they were not orally pronounced; and (2) amend the written judgment to include a special search condition that was orally pronounced. I concur. But I write separately to express my view that the district court should also excise from its written judgment "mandatory" condition nine and parts of standard conditions one and five.

*First*, "mandatory" condition nine requires Garrido-Barrientos to "notify the court of any marital [sic] change in [his] economic circumstances that might affect [his] ability to pay restitution, fines or special assessments." Contrary to the district court's written judgment, this is not a "mandatory" condition of supervised release because it is not listed in 18 U.S.C. § 3553(d). *See United States v. Diggles*, 957 F.3d 551, 558 (5th Cir. 2020) (en banc) (holding that a condition is only mandatory when it is listed as required in § 3553(d)); U.S.S.G. § 5D1.3(a). Because it is not listed in § 3553(d), the district court was required to orally pronounce the condition at the sentencing hearing. *Diggles*, 957 F.3d at 558 (holding that only mandatory conditions listed in § 3553(d) need not be "mention[ed] . . . at sentencing"). It failed to do so. *United States v. Jackson*, No. 20-50922, 2022 WL 738668, at *3 (5th Cir. Mar. 11, 2022) (unpublished) (excising from written judgment an identical condition of supervised release because it was not orally pronounced).

*Second*, standard condition one requires Garrido-Barrientos to "report to the probation office where he . . . is authorized to reside within 72 hours of release from imprisonment" and forbids him from leaving "the judicial district without permission of the court or probation officer." The district court's oral pronouncement made no mention of a prohibition on leaving

the judicial district without permission, so that restriction should be excised from the judgment as well.

*Third*, standard condition five requires Garrido-Barrientos to "live in a place approved by probation" and requires him to notify the probation officer about changes in the details of his residential situation, "such as the people the defendant lives with." Nothing in the oral pronouncement referred to the latter limitation; the district court stated at the sentencing hearing only "[y]ou must reside in an approved place or residence." The written judgment therefore creates a more burdensome requirement. *United States v. Prado*, 53 F.4th 316, 318 (5th Cir. 2022) (holding that when the written judgment creates a more burdensome condition than the oral pronouncement, a conflict exists). It is my view, then, that the written judgment should be amended to excise the requirement of notification of changes in living arrangements.

To sum it all up, if this were a panel of one, I would instruct the district court on remand to: (1) excise from its written judgment mandatory condition nine and standard conditions three, eight, fifteen, and sixteen; (2) excise from its written judgment the portion of standard condition one that prohibits Garrido-Barrientos from leaving the judicial district without permission; (3) excise from its written judgment the portion of standard condition five that imposes a notification requirement; and (4) amend the written judgment to include the special search condition that was orally pronounced at sentencing. Because the majority does not go as far as I would, I respectfully concur in part and dissent in part.