# United States Court of Appeals for the Fifth Circuit

No. 24-20298
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
April 29, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Carlos D. Day,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CR-113-1

_____

Before Jolly, Jones, and Willett, *Circuit Judges*.

Per Curiam:[*]

Carlos D. Day appeals the sentence imposed upon revocation of his terms of supervised release. He argues that the district court failed to orally pronounce the "standard" and "special" conditions of supervised release that were listed in the written judgment, thus creating a conflict that requires reformation of the written judgment. The Government agrees that there

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

exists a conflict between the oral pronouncement of Day's sentence and the written judgment as to those conditions which impose a more onerous requirement than the mandatory conditions of supervision.

Day had no opportunity to object to the imposed conditions in open court; thus, review is for abuse of discretion. *See United States v. Mireles*, 471 F.3d 551, 557 (5th Cir. 2006). Here, because the district court did not orally pronounce the challenged discretionary conditions of supervised release, did not refer to and adopt any document containing them, and did not indicate that it was reimposing the conditions from Day's prior supervised release term, it abused its discretion by imposing discretionary conditions of supervised release in the written judgment. *See United States v. Diggles*, 957 F.3d 551, 556-61 (5th Cir. 2020) (en banc); *cf. United States v. Porter*, 43 F.4th 467, 472-73 (5th Cir. 2022). This error created a conflict between the oral pronouncement of Day's sentence and the written judgment, and the oral pronouncement controls. *See United States v. Woods*, 102 F.4th 760, 767 (5th Cir. 2024); *Diggles*, 957 F.3d at 557. Accordingly, the challenged conditions must be stricken from the written judgment—with two exceptions. *See United States v. Omigie*, 977 F.3d 397, 406 (5th Cir. 2020).

Standard condition 10 provides that Day "must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers)." This condition is partially consistent with the statutorily required condition that Day not commit another federal, state, or local offense. *See* 18 U.S.C. § 3583(d); 18 U.S.C. § 922(g)(1). Accordingly, standard condition 10 need only be stricken in part by removing the reference to other "dangerous weapon[s]."

No. 24-20298

One of the special conditions listed in the written judgment orders Day to "comply with the requirements of the Sex Offender Registration and Notification Act . . . as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense." Because this requirement is based on the statutory language in § 3583(d), it shall be maintained on remand. *See Diggles*, 957 F.3d at 559.

We VACATE Day's sentence in part and REMAND for the district court to amend its written judgment in accordance with this opinion.