# United States Court of Appeals
# for the Fifth Circuit

————————

No. 24-50974

————————

United States Court of Appeals
Fifth Circuit

**FILED**

December 2, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Ricky Lynn Currier,

*Defendant—Appellant*.

————————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:09-CR-74-1

————————————————————————

Before Clement, Graves, and Ho, *Circuit Judges*.

Edith Brown Clement, *Circuit Judge*:

What is the proper remedy when the written judgment in a criminal case conflicts with the district court's oral pronouncement during a defendant's sentencing hearing? This general question was left open by our court in *United States v. Diggles*, 957 F.3d 551, 563 n.11 (5th Cir. 2020) (en banc), where we held that a district court must pronounce any discretionary condition of supervised release that does not fall within the ambit of mandatory conditions in 18 U.S.C. § 3583(d), *id.* at 559. In the wake of *Diggles*, our court has followed its trod path of remanding such cases with instructions for the district court to amend the written judgment to conform

to the pronouncement. But questions emerge about the degree to which unpronounced discretionary conditions must be excised from a written judgment on remand: Must the condition conflict with the written judgment? May duplicative conditions be preserved? When considering the sentencing of Ricky Lynn Currier, these questions rise to the surface. The district court did not pronounce any discretionary conditions adopted by reference to the Western District of Texas's Standing Order ("Standing Order"), including that Currier obtain full-time employment of at least thirty hours per week. The parties agree that this requirement imposes a greater burden on Currier than his previously imposed supervised release conditions, and, therefore, the district court abused its discretion. They disagree about whether the remaining discretionary conditions conflict and whether the duplicative provisions can be saved on remand. Today, we embrace and apply a bright-line rule: Any discretionary condition in a written judgment that *conflicts* with the sentence as orally pronounced must be excised on remand. Because the district court's pronouncement conflicts with the written judgment, the new, conflicting conditions in the written judgment must necessarily go. Accordingly, we VACATE in part the judgment of sentence and REMAND for the district court to amend its written judgment in accordance herewith.

I

In 2009, Ricky Lynn Currier was convicted of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and sentenced to 210 months of imprisonment and a life term of supervised release. At the time, the district court imposed mandatory, standard, and special conditions of supervised release ("2009 Judgment"). Modifications were later made to them. By October 2024, after Currier had begun his term of supervised release, a probation officer prepared a petition for a warrant based on four alleged violations of supervised release. Currier pleaded true to certain allegations. The district court revoked Currier's supervised release and

No. 24-50974

sentenced him to thirty-six months of imprisonment, followed by a new life term of supervised release.

At the revocation hearing, the district court pronounced the imposition of "the same conditions of release previously imposed and not yet completed." Its new written judgment ("2024 Judgment") largely mirrored the 2009 Judgment, indicating that the reimposed life term of supervised release encompassed "all conditions previously imposed and not yet completed." In particular, the 2009 Judgment included Conditions 5 and 6:

> 5) The defendant shall work regularly at a lawful occupation unless excused by the Probation Officer for schooling, training or other acceptable reasons.

> 6) The defendant shall notify the Probation Officer at least ten days prior to any change in residence or employment.

But the 2024 Judgment added a new gloss: "A term of Life Supervised Release is imposed with *all Mandatory and Standard Conditions approved for the Western District of Texas* and all conditions previously imposed and not yet completed." The reference to the Western District of Texas captures a district-wide standing order that lists mandatory and standard conditions ("Standing Order").[1] The Standing Order contains certain conditions, including Mandatory Conditions 8 and 9, and Standard Conditions 1–6 and 8–17, which were duplicative of the 2009 Judgment's supervised release conditions. The Standing Order also contains Standard Condition 7:

> 7) The defendant shall work full time (at least [thirty] hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment, he or she shall try to find

---

[1] United States District Court for the Western District of Texas, *Conditions of Probation and Supervised Release* (Nov. 28, 2016), https://perma.cc/8FYE-9PHQ.

full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his or her work (such as the position or job responsibilities), the defendant shall notify the probation officer at least [ten] days before the change. If notifying the probation officer at least [ten] days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within [seventy-two] hours of becoming aware of a change or expected change.

Currier appealed, challenging the discretionary conditions that were not orally pronounced at sentencing but formed part of the 2024 Judgment.

## II

To begin, we must determine the proper standard of review to conduct our *Diggles* inquiry. Our standard turns on whether Currier had a chance to object before the district court. *See United States v. Grogan*, 977 F.3d 348, 352 (5th Cir. 2020). "If he had the opportunity, we review for plain error; if he did not, we review for abuse of discretion." *United States v. Martinez*, 47 F.4th 364, 366 (5th Cir. 2022). Because Currier did not have a chance to object to the Standing Order, we review for abuse of discretion.

## III

Both parties agree that the 2024 Judgment contains unpronounced discretionary conditions—some duplicative, another conflicting—from the Standing Order. In particular, the parties agree that Standard Condition 7's full-time thirty-hours-per-week work requirement conflicts with the district court's pronouncement, and that remand is necessary to amend the 2024 Judgment to excise that new rule. They depart ways when it comes to

whether the district court on remand must the excise the remaining unpronounced discretionary conditions from the 2024 Judgment.

A

We start with the general rule in our circuit. The district court must orally pronounce discretionary—not mandatory—conditions of supervised release. *United States v. Diggles*, 957 F.3d 551, 559 (5th Cir. 2020) (en banc). At its core, the district court's "obligation to orally pronounce its sentence is grounded in the defendant's right to be present at sentencing, which in turn is derived from the Fifth Amendment's Due Process Clause." *United States v. Gomez*, 960 F.3d 173, 178 (5th Cir. 2020). The statute governing supervised release, 18 U.S.C. § 3583(d), spells out what constitutes a mandatory or discretionary condition.[2] *Diggles*, 957 F.3d at 559. It guides our analysis today.

In *Diggles*, this court clarified the rule for determining whether the defendant had a chance to object. *Id.* at 560–61 & n.5. "District courts are now required to pronounce orally any condition of supervised release that is not required to be imposed under" § 3583(d). *Martinez*, 47 F.4th at 366–67. *Diggles* is satisfied when a district court affords "the defendant notice of the sentence and an opportunity to object." *Diggles*, 957 F.3d at 560. Oral "in-court adoption of a written list of proposed conditions provides the necessary notice." *Id.* This may include "orally stating the condition," or referencing

_____

[2] When using the terms "mandatory" and "discretionary" conditions, we employ them in approximation to the supervised release statute, § 3583(d)—an approach embraced by our en banc court in *Diggles*. 957 F.3d at 559 ("We therefore reject the byzantine distinctions we have drawn between standard, mandatory, standard-but-listed-in-the-judgment-as-special, 'true' special, and not-really-special conditions when it comes to pronouncement. From now on, what matters is whether a condition is required or discretionary under the supervised release statute." (cleaned up)). The reference to "mandatory conditions" or "standard conditions" in the 2024 Judgment and Standing Order should not be conflated or confused with the terms used by *Diggles*.

"a list of recommended supervised release conditions from a court-wide or judge-specific standing order, or some other document." *Martinez*, 47 F.4th at 367; *see also United States v. Baez-Adriano*, 74 F.4th 292, 301 (5th Cir. 2023) (explaining that the district court's "reference to and oral imposition of the court-wide standard conditions . . . is dispositive."). On the one hand, "oral pronouncement does not mean that the sentencing court must recite the conditions word-for-word." *Grogan*, 977 F.3d at 352. At the same time, the "mere existence" of a document, such as a court-wide standing order, "is not enough for pronouncement" purposes. *Diggles*, 957 F.3d at 561 n.5.

Here, the district court did not pronounce at Currier's sentencing that it was imposing the mandatory and standard conditions in the Standing Order. True, the first seven conditions in the Standing Order listed under the heading "Mandatory Conditions" are mandatory under § 3583(d) and were not required to be pronounced to Currier. *See United States v. Jackson*, No. 20-50922, 2022 WL 738668, at *3 (5th Cir. Mar. 11, 2022) (per curiam); *United States v. Garcia-Marcelo*, No. 21-50700, 2022 WL 3684613, at *4 (5th Cir. Aug. 25, 2022) (per curiam). But that is not true for Mandatory Conditions 8 and 9, and Standard Conditions 1–6, and 8–17, which are discretionary under § 3583(d). Moreover, the district court did not pronounce Standard Condition 7, which is not mandatory under § 3583(d). Instead, it pronounced "the same conditions of release previously imposed and not yet completed," with no mention or nod to these conditions.

Because these conditions do not fit under § 3583(d), the district court was required to pronounce them at sentencing. *See Diggles*, 957 F.3d at 559.

B

Since we are reviewing for abuse of discretion, the decisive question in this case is whether the gap between "the oral pronouncement and the written judgment is a conflict or merely an ambiguity that can be resolved by

reviewing the rest of the record." *United States v. Woods*, 102 F.4th 760, 767 (5th Cir. 2024) (per curiam) (quoting *United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006)). If an ambiguity exists, "we look to the sentencing court's intent to determine the sentence." *Id.* (quoting *United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006)). If, on the other hand, a conflict exists between the two, the "oral pronouncement controls." *United States v. Nelson*, 114 F.4th 478, 481 (5th Cir. 2024) (per curiam), *cert. denied*; *Diggles*, 957 F.3d at 557 ("If the in-court pronouncement differs from the judgment that later issues, what the judge said at sentencing controls."). A conflict arises when "the written judgment broadens the restrictions or requirements of supervised release from an oral pronouncement." *Mireles*, 471 F.3d at 558.

With the applicable standard behind us, we must now decide whether the district court's oral pronouncement conflicts with the 2024 Judgment. If yes, the pronouncement controls. If no, the written judgment controls.

As to Mandatory Conditions 8 and 9, and Standard Conditions 1–6 and 8–17, the parties agree that these are "duplicative" of the 2009 Judgment, so there is no conflict that would constitute an abuse of discretion. We share their agreement. Because these conditions do not expand or enlarge "the restrictions or requirements of supervised release" from the district court's pronouncement, they are not in "conflict" with the 2024 Judgment. *Mireles*, 471 F.3d at 558. At most, these conditions are knots that can be untangled by reviewing the record. *See Woods*, 102 F.4th at 767. In short, the record shows no conflict between these conditions and the written judgment. Accordingly, the written judgment controls as to these conditions, and the district court did not abuse its discretion in failing to pronounce them.

The same cannot be said of Standard Condition 7—at least in part. Tucked within the first sentence of that condition is a requirement that Currier "work full time (at least [thirty] hours per week) at a lawful type of

employment, unless the probation officer excuses [him] from doing so." The 2009 Judgment, by contrast, contained Standard Condition 5, which generally required Currier to "work *regularly* at a lawful occupation unless excused by the Probation Officer." The parties agree that this requirement produces a conflict between the written judgment and the pronouncement. We agree, too. Viewing these conditions side by side, the requirement that Currier work at least thirty hours per week imposed a greater burden on Currier than what was originally imposed in the 2009 Judgment. Because this requirement, which found its way into the 2024 Judgment, expanded the "requirements of supervised release" from the district court's "oral pronouncement," *Mireles*, 471 F.3d at 558, a conflict exists between the two and therefore the "oral pronouncement controls." *Nelson*, 114 F.4th at 481.

So far, so good. Yet the parties disagree about whether the second and third sentences in Standard Condition 7 conflict with the pronouncement and therefore must be removed on remand. We address each sentence in turn.

The second sentence states: "If the defendant does not have *full-time employment*, he or she shall try to find *full-time employment*, unless the probation officer excuses the defendant from doing so." According to the government, this sentence in isolation does not create a conflict because "a defendant must find a job" to "be employed," and that is consistent with the pronouncement requirement to "work regularly." Currier zooms out of that isolated phrase and contends that it must be reviewed in conjunction with the first sentence, which requires "full-time employment" to include a minimum requirement of thirty hours per week. On this point, Currier has the upper hand in his interpretation: If the full-time work requirement in the conflicts with the pronouncement, then same must be necessarily true here.

The third sentence states: "If the defendant plans to change where the defendant works or anything about his or her work (such as the position

or job responsibilities), the defendant shall notify the probation officer at least [ten] days before the change." Currier argues that this condition "has no relation to Currier's job responsibilities," and "is more burdensome" than the 2009 Judgment. Not so. This sentence can be squared with the 2009 Judgment because Condition 6 states that Currier "shall notify the Probation Officer at least ten days prior to *any change* in residence or employment."

For starters, the ten-day notice requirement is the same. Moreover, the plain meaning of "any" means "unlimited in amount, number, or extent."[3] The plain use of "change" means "to make different in some particular way or aspect."[4] When assembling these pieces together to form a more complete picture, we find that "any change" has a broad and capacious meaning that encompasses a non-exhaustive list of examples of employment changes, "such as the position or job responsibilities." At bottom, the third sentence is not a conflict but a mere clarification. No conflict, no problem.

Accordingly, we hold that the district court abused its discretion in failing to pronounce the new, conflicting conditions at Currier's sentencing.

## C

A question remains about remand. The parties agree remand is necessary to bring the 2024 Judgment into alignment with the district court's pronouncement. Their disagreement coalesces around the proper scope of the remand instruction. Currier argues that this case should be remanded with instructions to amend the written revocation order by removing the reference to the Standing Order because it encompasses additional

---

[3] *Any*, MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY (11th ed. 2020).

[4] *Change*, MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY (11th ed. 2020).

unpronounced discretionary conditions that are "either duplicative or more burdensome than conditions otherwise pronounced and imposed." He acknowledges that Standard Condition 7 is the only unpronounced discretionary condition that conflicts with the 2009 Judgment, whereas the remaining conditions are duplicative. He alternatively proposes that the district court clarify that Currier is not subject to Standard Condition 7. The government urges this court to remand for the limited purpose of amending the written judgment to excise Standard Condition 7's requirement of full-time employment and otherwise affirm the 2024 Judgment.

The practice of this court has been to remand pronouncement-error cases to the district court to amend the written judgment to reflect the conditions orally pronounced at sentencing and the mandatory conditions under § 3583(d), which need not be pronounced. That was true before *Diggles*. *See, e.g.*, *United States v. Rivas-Estrada*, 906 F.3d 346, 351 (5th Cir. 2018) (remanding case to the district court to amend its written judgment by excising unpronounced special conditions). And after *Diggles*, as well. *See, e.g.*, *United States v. Fields*, 977 F.3d 358, 367 (5th Cir. 2020) ("The special condition was not included in the oral pronouncement and was omitted from the Presentence Report and its Addendum. It necessarily follows that that special condition must be stricken."). Our court generally disfavors awarding "the district court [a] second chance when it fails to pronounce a condition, even though conditions have salutary effects for defendants, victims, and the public." *Diggles*, 957 F.3d at 563; *id.* at n.11 (explaining that remanding without an opportunity to resentence constitutes a "stark remedy").

But as to the specific remand instruction to amend the written judgment, we have found in cases following *Diggles* that, if the district court does not pronounce discretionary conditions, such conditions must be excised from the written judgment. *See, e.g.*, *Martinez*, 47 F.4th at 367–68 (remanding and instructing the district court to strike discretionary

conditions because it was "unclear" what the district court meant when it orally pronounced "the standard conditions"); *see also United States v. Chavez*, No. 20-50550, 2022 WL 767033, at *4, *6 (5th Cir. Mar. 14, 2022) (per curiam) (vacating judgment in part because district court failed to pronounce discretionary conditions); *Garcia-Marcelo*, 2022 WL 3684613, at *4–5 (same). In *United States v. Jackson*, we explained that if the discretionary "conditions identified in the written judgment *conflict* with the sentence as orally pronounced, those conditions must be deleted from the judgment." 2022 WL 738668, at *2 (emphasis added). Of course, we are not bound by *Jackson*. *See United States v. Sauseda*, 596 F.3d 279, 282 (5th Cir. 2010) (per curiam) ("[U]npublished decisions . . . are not binding on our court; they are, however, persuasive."). But we find *Jackson*'s reasoning persuasive and deploy it when embracing and applying our bright-line rule: Any discretionary condition in the written judgment that conflicts with the sentence as orally pronounced must be excised on remand. For this reason, we must parse Standard Condition 7 to mechanically disassemble its conflicting and duplicative parts to decide what must stay and what must go.

With that rule in hand, we hold that, since the first two sentences of Standard Condition 7 conflict with the pronouncement at Currier's sentencing, they must be deleted on remand. The third sentence, by contrast, can be reconciled with the previous conditions and may be preserved in the written judgment. The duplicative conditions may be preserved, as well.

We pause to note that, while the district court *must* excise the conflicting requirements in Condition 7, it *might* be most efficient for the district court to simply remove its reference to the Standing Order, which contains both conflicting conditions and duplicative conditions. The latter conditions, we surmise, might perpetuate confusion about which enumerated conditions govern Currier's supervised release. On a fundamental level, the district court's pronouncement error in this case springs from its decision to

include the Standing Order in the 2024 Judgment—the original sin that produced this head-to-head conflict. While it did not abuse its discretion in failing to pronounce the duplicative discretionary conditions, the district court would be prudent on remand to consider eliminating its reference to the Standing Order, faithfully ensuring that "the *same* conditions of release *previously imposed* and not yet completed," from the 2009 Judgment govern Currier's supervised release. *Chavez*, 2022 WL 767033, at *4, *6; *Garcia-Marcelo*, 2022 WL 3684613, at *5. Such an amendment would not create a sentencing windfall for Currier. Nor would it pose lingering *Diggles* problems as it will effectively axe all unpronounced conditions from his sentence.

\* \* \*

Our caselaw requires that written judgments be conformed to the district court's oral pronouncement at sentencing. And the district court abused its discretion in departing from that rule here.

Because the Standing Order contains conditions that are not mandatory under § 3583(d), and those conditions were not included in the district court's pronouncement, the conflicting conditions in the 2024 Judgment must—at a minimum—be erased by the district court on remand.

IV

For these reasons, the judgment of sentence is VACATED in part and REMANDED for amendment of the written judgment to conform to the oral pronouncement.