# United States Court of Appeals for the Fifth Circuit

No. 25-50237
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 26, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Danuario Robelo Amador-Zepeda,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:24-CR-2565-1

Before Wiener, Willett, and Wilson, *Circuit Judges*.
Per Curiam:[*]

Defendant-Appellant Danuario Robelo Amador-Zepeda appeals the sentence imposed following his guilty plea conviction for illegal reentry into the United States. The district court sentenced him to twenty-four months of imprisonment and one year of supervised release. He argues that the district court made a clear and obvious error by orally pronouncing the

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

following two conditions of supervised release that are internally inconsistent and irreconcilable: (1) within 72 hours of release from custody, Amador-Zepeda must report in person to the probation office in the district in which he is released; and (2) on release from custody, he will be surrendered to immigration officials for deportation and, if deported, he must remain outside of the United States; but if he is not ordered deported or for any reason reenters the United States, he must comply with all conditions of supervised release, and must report to the nearest probation office within 72 hours of release by immigration officials or entry into the United States.

When a defendant objects to a condition of supervised release for the first time on appeal, the standard of review depends on whether he had an opportunity to object in the district court. *United States v. Grogan*, 977 F.3d 348, 352 (5th Cir. 2020). Because the district court orally pronounced the two conditions at sentencing, and Amador-Zepeda had an opportunity to object, we review the issue for plain error. *See id.* To meet that standard, he must first show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the error but should do so only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (citation modified).

In deciding whether there exists a conflict between an oral and written judgment, "[t]he key determination is whether the discrepancy between the oral pronouncement and the written judgment is a conflict or merely an ambiguity that can be resolved by reviewing the rest of the record." *United States v. Woods*, 102 F.4th 760, 767 (5th Cir. 2024) (citation modified). There is no conflict if "there is no material difference between the oral pronouncement and the written judgment." *United States v. Perez-Espinoza*, 31 F.4th 988, 989 (5th Cir. 2022). If there is an ambiguity, we consider the

district court's intent to determine the sentence. *United States v. Tanner*, 984 F.3d 454, 456 (5th Cir. 2021).

Amador-Zepeda has not shown that the district court made a clear or obvious error in imposing the challenged conditions of supervised release based on "the straightforward applications of existing cases." *See United States v. Jones*, 88 F.4th 571, 574 (5th Cir. 2023). The cases on which he relies are inapposite as they fail to address the specific issue here. Even if our careful review of the challenged conditions might indicate some ambiguity in the prisoner's conditions of supervised release, such ambiguity is easily resolved by examining the record to ascertain the district court's intent. *See Woods*, 102 F.4th at 767. The instant record demonstrates that the district court intended for Amador-Zepeda to follow the other reporting conditions in the alternative if he was not subsequently deported, or if he returned to the United States for any reason during the one-year term of supervised release. Therefore, he has not established plain error in the district court's judgment. *See Puckett*, 556 U.S. at 135; *see also Jones*, 88 F.4th at 574.

AFFIRMED.