# United States Court of Appeals for the Fifth Circuit

———————————

No. 25-50365
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

March 9, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Nike Steven Raudales-Cantor,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:24-CR-2628-1

———————————————————————

Before Richman, Southwick, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Nikc Steven Raudales-Cantor pleaded guilty to one count of illegal reentry in violation of 8 U.S.C. §§ 1326(a), (b)(1). The court sentenced him to a prison term of 24 months, above the guidelines range of ten to 16 months. He now appeals.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-50365

This court reviews preserved challenges to a sentence's substantive reasonableness for an abuse of discretion. *See United States v. Fraga*, 704 F.3d 432, 439 (5th Cir. 2013). To succeed, Raudales-Cantor must show that his sentence "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Id.* (internal quotation marks and citation omitted). He has not made this showing. His challenge to the double counting of his criminal history is without merit, *see United States v. Duarte*, 569 F.3d 528, 529-30 (5th Cir. 2009), as is his argument that his offense of illegal reentry is not serious, but mere "international trespass." *See United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008). Further, he has not shown that the court relied on any improper factor or otherwise erred in balancing the factors. *See United States v. Woods*, 102 F.4th 760, 765-66 (5th Cir. 2024).

AFFIRMED.