# United States Court of Appeals for the Fifth Circuit

————————

No. 25-50397
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

March 9, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

SILVESTRE VILLAFANA-CARDENAS,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:24-CR-2467-1

————————————————————

Before RICHMAN, SOUTHWICK, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

Silvestre Villafana-Cardenas pleaded guilty to illegal reentry and was sentenced to 24 months of imprisonment, which was an upward variance from the guidelines range of 10 to 16 months. He contends that his sentence is procedurally unreasonable because the district court relied on unprosecuted conduct and its unsupported speculation that he was likely to

————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

recidivate. He also argues that his sentence is substantively unreasonable because the district court failed to account for his mitigating circumstances and overstated the seriousness of his criminal history and risk of recidivism given his medical conditions and that his prior offenses were remote and nonviolent. According to Villafana-Cardenas, the sentence is therefore greater than necessary to achieve the goals of sentencing.

We review Villafana-Cardenas's procedural arguments for plain error because he did not raise them in the district court. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Zarco-Beiza*, 24 F.4th 477, 482 (5th Cir. 2022). He fails to demonstrate that the district court clearly or obviously erred by relying, in part, on his prior unprosecuted reentries, along with his prior immigration-related convictions, or facts that it determined made him more likely to reenter the United States in the future. *See Puckett*, 556 U.S. at 135; *United States v. Woods*, 102 F.4th 760, 765-66 (5th Cir. 2024); *United States v. Lopez-Velasquez*, 526 F.3d 804, 805-08 (5th Cir. 2008). Further, although he preserved his substantive reasonableness claim, *see Holguin-Hernandez v. United States*, 589 U.S. 169, 175 (2020), he does not show that the upward variance fails to account for a factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing sentencing factors. *See United States v. Fraga*, 704 F.3d 432, 440 (5th Cir. 2013); *Lopez-Velasquez*, 526 F.3d at 805-08. Accordingly, Villafana-Cardenas's claims lack merit, and the conviction is AFFIRMED.